Carol A. **KILLO**, et al.

v.

**BETHLEHEM ASSOCIATES**, et al.

Civ. A. No. 82–1778.

United States District Court, E.D. Pennsylvania.

Jan. 2, 1985.

good faith defense should ultimately be decided. *See* fn. 5 *supra*.

David A. Scholl, Allentown, Pa., for plaintiffs.

Bernard V. O'Hare, Bethlehem, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

In the instant action four plaintiffs seek the Court's intervention to halt defendants' alleged violations of Sec. 8 of the Housing Act of 1937 (42 U.S.C. § 1437f) and regulations promulgated thereunder. Now before the Court is the named plaintiffs' request for class certification as representatives of two subclasses of a putative class encompassing all present, future and prospective residents of Bethlehem Townhouse II, a housing development owned by defendant Bethlehem Associates, managed by defendant J & B Management Company and for which defendant Joann Bachik is employed as a rental agent. Plaintiffs Carol Killo and Arthur Callender are to represent present and future residents, while Deborah Vazquez and Sandra White are to represent applicants and prospective applicants who were or will be denied a housing unit.

Defendants instituted eviction proceedings against both Killo and Callender, and although neither plaintiff has been evicted, both fear that they will be.[1] Killo's eviction was sought for alleged infractions of her lease, Callender's for nonpayment of his rent. Both complain of deficiencies in the notice of eviction sent to them by defendants, and various other procedural irregularities. Callender also avers that he was eligible for a rent adjustment because of a change in his financial condition but that defendants have unlawfully refused to comply with his request for an adjustment which has substantially contributed to his inability to pay his rent.

Vazquez and White allege that they are eligible for housing in Bethlehem Townhouse II, but upon inquiry were informed by defendant Bachik that no applications were being accepted. They further aver that they have heard of others similarly situated, who did obtain housing in exchange for money or other favors.

It is plaintiffs' affirmative burden to demonstrate that the requirements of a class action have been met. *Martinez v. Bethlehem Steel Corp.*, 78 F.R.D. 125 (E.D.Pa.1978). Plaintiffs here are seeking certification under Fed.R.Civ.P. 23(b)(1)(A) and (b)(2). Initially, they must show that the general requirements of numerosity, typicality, commonality and adequacy under 23(a) have been satisfied. The absence of any one of those factors precludes the certification of a class action. *Id.* It is apparent that the allegations of the complaint do not establish that a class action is certifiable in this case. The plaintiffs seeking to represent all present and future residents of Bethlehem Townhouse II can actually represent only those present and future residents who have been or will be subjected to eviction proceedings. It is impossible to determine whether that is a number so large as to make impracticable their proceeding absent class certification.

---

1. Defendants did obtain a judgment against Callender, presently on appeal, but have not evicted him pursuant to it despite the trial court's denial of a supersedeas.

Moreover, the purported subclass representatives share only one common issue, the adequacy of the eviction notice. Other than that, individual issues predominate. With respect to Vazquez and White, there are no factual averments to indicate that any other potential subclass members were similarly treated, nor that any member of the larger class, encompassing all present and future residents, were required to make payments or grant favors to defendants in order to obtain housing or have their names placed on a waiting list.

If the plaintiffs in this case prove their allegations as to defendants' improper procedures in selecting and evicting tenants, the Court can fashion appropriate relief without class action certification. See *Gurmankin v. Costanza, et al.*, 626 F.2d 1132 (3d Cir.1980).

See also, 459 F.Supp 748.

## ORDER

AND NOW, this 2nd day of January, 1985, upon consideration of plaintiffs' motion for class certification and defendants' response thereto, IT IS ORDERED that the motion is DENIED.